
FILED
SUPERIOR COURT
OF GUAM

2018 JAN 29 PM 3: 40

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )   Case No. CF0477-16
)
)
vs. )
)   **DECISION AND ORDER**
)
)
BENNY SAM ROBERT, )
)
Defendant. )
)
)
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 2, 2017 for a hearing concerning sentencing issues raised by Defendant Benny Sam Robert ("Defendant"). During the hearing, Assistant Attorney General Jeremiah B. Luther represented the People of Guam ("the People") and Attorney Terence E. Timblin represented Defendant. Having reviewed and considered the record, the arguments of counsel, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On August 16, 2016, Defendant was indicted by a grand jury on the following charges: (1) Aggravated Assault (as a Second Degree Felony), including a Special Allegation for the Use of a Deadly Weapon in the Commission of a Felony; (2) Terrorizing (as a Third Degree Felony), including a Special Allegation for the Use of a Deadly Weapon in the Commission of a Felony;

**ORIGINAL**

and (3) Criminal Mischief (as a Third Degree Felony), including a Special Allegation for the Use of a Deadly Weapon in the Commission of a Felony. (Indictment, Aug. 16, 2016.) The charges arise from an incident that occurred on or about August 6, 2016 at the Bottoms Lounge in Maite, Guam.

Defendant was arraigned on the aforementioned charges on August 17, 2016. During his arraignment hearing, Defendant pled not guilty and asserted his right to a speedy trial under 8 G.C.A. § 80.60. Defendant later waived on September 7, 2016.

On November 15, 2016, Defendant re-asserted his right to a speedy trial. Jury selection and trial was initially scheduled for December 9, 2016, however, Defendant informed the Court of his waiver of his right to a jury trial. (<u>See</u> Waiver of Jury Demand, Dec. 9, 2016.) After the People consented to the waiver, and the Court approved the waiver following a determination that it was made knowingly and voluntarily, the parties agreed to begin trial on December 12, 2016. (Minutes, Dec. 9, 2016.)

On December 12 and December 14, 2016, the Court held a bench trial. The Court issued its Findings of Fact and Conclusions of Law ("Findings" of "FOFCOL") on April 13, 2017 therein finding Defendant guilty of all the charges in the Indictment, including the three (3) corresponding special allegations.

Following the issuance of the Court's Findings, Defendant filed a Sentencing Memorandum on July 18, 2017 raising issues of merger as the convictions for Aggravated Assault (as a Second Degree Felony) and Terrorizing (as a Third Degree Felony) and the sentencing enhancements. The People responded to the sentencing memorandum on September 18, 2017, which Defendant replied to on September 25, 2017. The Court heard oral arguments on the sentencing issues on October 2, 2017 and subsequently took the matter under advisement.

## DISCUSSION

### I. The Terrorizing and Aggravated Assault Convictions Do Not Merge.

In his Sentencing Memorandum, Defendant argues that his "conviction for Terrorizing should be merged with the conviction for Aggravated Assault, either pursuant to the doctrine of merger or as a matter of statutory interpretation."[1] (Def.'s Sentencing Memorandum at 3, Jul. 18, 2017.) This argument, however, ignores the statutes corresponding to the offenses and the Findings of the Court which provided a separate factual basis to support the elements for each of the convictions.

To determine if offenses merge, the Court must look to the statutes giving rise to the convictions. People v. Diaz, 2007 Guam 3 ¶ 55 ("[w]hether one offense merges with another is a question of statutory interpretation"); People v. Camacho, 2015 Guam 37 ¶ 20 ("[i]n determining whether multiple punishments violate the Double Jeopardy Clause courts look to the punishment authorized by the legislative branch"). In analyzing whether a violation of two statutes constitutes separate offenses allowing for separate punishments, the Supreme Court of Guam ("Supreme Court") has adopted the framework set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932). Under the Blockburger test, "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." People v. San Nicolas, 2001 Guam 4 ¶ 11 ("the test is used to determine whether the violation of two distinct statutes constitutes the same offense and if so, courts presume that the Legislature intends only one punishment for the violation")

---

[1] To support his argument that the his convictions for Aggravated Assault and Terrorizing merge, Defendant cites generally to 9 G.C.A. § 1.22, which explains the various circumstances under which an individual may not convicted of more than one offense. Defendant though has not put forth any arguments whatsoever regarding how his convictions are barred by any of the means explicitly listed in the statute.

(internal quotation marks omitted). Based on these principles, merger is appropriate when "proof of the elements of one [offense] necessarily establishes all of the elements of the other offense". <u>Diaz</u>, 2007 Guam 3 ¶ 57 (internal quotation marks and citations omitted).

As stated previously, Defendant was convicted of Terrorizing and Aggravated Assault, among other offenses. Under 9 G.C.A. § 19.60, a person is guilty of Terrorizing: "if he communicates to any person a threat to commit or to cause to be committed a crime of violence dangerous to human life, against the person to whom the communication is made or another, and the natural and probable consequence of such a threat, is to place the person to whom the threat is communicated or the person threatened in reasonable fear that a crime will be committed." <u>Id.</u> On the contrary, a person is guilty of Aggravated Assault "if he either recklessly causes or attempts to cause serious bodily to another in circumstances manifesting extreme indifference to the value of human life."[2] 9 G.C.A. § 19.20(a)(1).

As a matter of statutory interpretation, the offenses of Terrorizing and Aggravated Assault are completely different offenses with each requiring proof the other does not. For example, the offense of Terrorizing requires the distinct element that a threat be communicated "to commit or to cause to be committed a crime of violence". 9 G.C.A. § 19.60. The offense, by its very definition, does not require that any crime of violence occur or be attempted on the individual who receives the communication. By contrast, the offense of Aggravated Assault contains no communication requirement. Aggravated Assault instead requires causing or attempting to cause "serious bodily injury" with the *mens rea* requirement of "recklessly". 9 G.C.A. § 19.20(a)(1). A full comparison of the elements for Terrorizing and Aggravated Assault reveal that the offenses do not even contain even a single common element. Accordingly, the

---

[2] The indictment and the elements of offenses used by the Court to find the Defendant guilty of Terrorizing and Aggravated Assault track the statute.

convictions of the offenses of Terrorizing and Aggravated Assault do not merge as the construction of their corresponding statutes creates separately punishable offenses.

Defendant also seems to suggest that that the offenses merge because there was no chronological separation between the threat and the assault. In furtherance of this argument, Defendant states – with respect to the Terrorizing offense – that due to the phrase "will be committed" within the statute "the Legislature intended that there be a chronological separation, however brief, between the threat and the act." (Def.'s Sentencing Memorandum at 3, July 18, 2017.) This interpretation, however, is misleading as it does not take into account the context in which the phrase is used within the statute. A full reading of section 19.60 explains that the phrase "will be committed" is part of the element concerned with the effect of the threat on the individual receiving the threat. More specifically, the offense of Terrorizing requires that the natural and probable consequence of the threat be "to place the person to whom the threat is communicated or the person threatened in *reasonable fear that crime will be committed.*" 9 G.C.A. § 19.60 (emphasis added). The phrase "will be committed" therefore is not meant to impose a chronological separation between the threat and any violence as the offense does not require that the communication lead to a completed crime against the person to whom the threat is against. Furthermore, the factual basis used by the Court to support the elements for the two different convictions are different, and the Court made it clear in its Findings of those specific facts. (<u>See</u> FOFCOL at 7-8, Apr. 13, 2017.)

## II. Defendant is Subject to Separate Sentencing Enhancements.

Defendant also raises an issue with respect to the sentencing enhancements for each of the Special Allegations for Use of a Deadly Weapon in the Commission of a Felony, which accompany the convictions for Terrorizing, Aggravated Assault, and Criminal Mischief. Although not explicit, Defendant seems to suggest that the sentencing enhancements should be aggregated as "[a]ll three charges arose from a single relatively brief incident and the number of

enhancements should not depend on how many separate felony charges can be squeezed out of a given event." (Def.'s Sentencing Memorandum at 5, July 18, 2017.) Aggregation or merger of the sentencing enhancements, however, does not apply under the circumstances as Defendant was convicted of separate punishable offenses.[3]

Here, Defendant was convicted of three separate and distinct felonies –Terrorizing, Aggravated Assault, and Criminal Mischief – each with a corresponding Special Allegation for Use of a Deadly Weapon in the Commission of a Felony. The special allegations which accompanied the felony convictions were charged pursuant 9 G.C.A. § 80.37, which reads as follows:

> Whoever unlawfully possesses or uses a deadly weapon in the commission of a felony punishable under the laws of Guam shall, in addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years…The term required to be imposed by this Section shall not run concurrently with any term of imprisonment imposed for the commission of any other felony.

Id.

Based on the expressed language of section 80.37, Defendant's possible sentencing enhancement must be served "in addition to the punishment imposed" for each underlying felony. Id. See also Guam v. Snaer, 758 F.2d 1341, 1344 (9th Cir. 1985) ("Guam's purpose in enacting § 80.37 was specifically to impose a penalty that would be in addition the punishment for underlying felony"). Contrary to Defendant's arguments that "the law is clear that there can only be one deadly weapon enhancement for a single event," the Supreme Court has determined that the "[t]he Legislature did not intend to aggregate the deadly weapon sentencing, but intended to allow for a  separate unit of prosecution for each felony conviction." People v. Afaisen, 2016 Guam 31 ¶ 27. Therefore, Defendant's arguments that there can only be a single

---

[3] As the Court has already determined that the charges of Terrorizing and Aggravated Assault constitute separate and distinct felonies with different facts forming the basis for the convictions, Defendant's reliance on merger and multiple theories of liability - as explained in People v. Reyes, 1998 Guam 32 - is misplaced.

sentencing enhancement are unpersuasive in light of the statute, this jurisdiction's treatment of special allegations, and the Court's determination that there exist separate and distinct felonies with different facts forming the basis for each of the convictions. (<u>See</u> Def.'s Reply to Govt.'s Opp. at 2, Sep. 25, 2017.) Finally, section 80.37 states that sentencing enhancement "*shall not run concurrently* with any term of imprisonment imposed for the commission of any other felony". <u>Id.</u> (emphasis added). This language makes it very clear to the Court that Defendant is subject to separate sentencing enhancements that must run consecutively, as opposed to concurrently, to the punishment imposed for the underlying felony offenses.

## CONCLUSION

Based on the reasons set forth above, the Court finds that (1) the convictions for Terrorizing and Aggravated Assault convictions do not merge, and (2) Defendant is subject to separate sentencing enhancements for each of the underlying felony offenses.

A sentencing hearing is scheduled for March 14, 2018 at 3:00 p.m.

**IT IS SO ORDERED** on this 29th day of January, 2018.

---

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Tomblin

Date: 1/29/18 Time: 4p

Deputy Clerk, Superior Court of Guam